## FISKE *v.* McGREGORY.

The plaintiff declared in assumpsit upon a promise by the defendant to pay to one L. K. the amount of a debt due from the plaintiff to L. K., secured by mortgage of the plaintiff's real estate, in consideration of a release given by the plaintiff to the defendant of the estate mortgaged. It appeared in evidence that the plaintiff had an auction sale of his property, including the mortgaged estate, and when this was offered for sale, the auctioneer, after describing the property, stated the exact amount of the incumbrance, and called for bids by asking, " Who will give more ?" or, " How much more will you give ?" and it was struck off to F. F. for $50. The clerk of the auctioneer, who kept the account of sales, made a memorandum in pencil upon his account of sales, but without signature, " F. F., right of redemption on farm, $50." The defendant, who was present when the land was sold, afterwards agreed with F. F. to buy his bid for $25 above the amount of the bid. A quitclaim deed was thereupon given by the plaintiff to the defendant, with a covenant against the claims of all persons claiming by, from or under the grantor, except the mortgage, and the defendant paid to F. F. the amount of the bid and the $25 over. Other parol testimony was introduced, tending to show that it was understood by the plaintiff and F. F. at the sale, that the purchaser was to pay the mortgage debt.

*Held*, that such other testimony was admissible ; that the memorandum of the auctioneer's clerk and the deed of the plaintiff were not such written evidence of the contract and subject matter of the sale, as to exclude parol proof, and that the whole circumstances taken together were competent to be submitted

to a jury, as evidence that the defendant agreed with the plaintiff, at the time of the delivery of the deed, to pay the mortgage debt to L. K.

*Held*, also, that the agreement was not within either of the provisions of the statute of frauds, requiring a contract for the sale of lands, or a special promise to pay the debt of another, to be in writing.

ASSUMPSIT, for that the defendant, in consideration that the plaintiff had released to him certain lands described, promised to pay to one Leonard Keyes the amount of a debt due him from the plaintiff, secured by mortgage of the lands. Plea, the general issue.

It appeared from the plaintiff's evidence that he had an auction sale of his real and personal estate, which continued through several days ; that when the land in question was offered, the auctioneer, after describing it, stated the exact amount of the mortgage upon it held by said Keyes, and asked, " Who will give more ?" or, " How much more will you give ?" and the land was struck off to Frederick Fiske, for $50 ; that the auctioneer made no entry or memorandum, but his clerk, who kept the account of sales, made the following memorandum on his account of sales : " Fred. Fiske : right of redemption of farm, $50.00."

This memorandum was in pencil, and not signed. The defendant was present at the auction when the land was sold, and afterwards agreed with Frederick Fiske to buy his bid for $25.00, over and above the $50 bid by him, and a deed was made out from the plaintiff to the defendant, releasing the land. The deed was in the common form of a quitclaim, describing the premises as set forth in the writ, and containing the usual covenant against the lawful claims and demands of all persons claiming by, from or under the releasor ; with these words added : " Except from a mortgage to Leonard Keyes, dated Sept. 23, 1850, to secure the payment of three notes signed by said Fiske, amounting to $1575, on interest annually ;" and was delivered by the plaintiff to the defendant, and at the same time the sum of $75 paid by the defendant to the plaintiff. Other parol evidence was introduced, tending to show that it was understood at the auction sale that the purchaser was to pay the

mortgage debt; which was admitted, subject to the defendant's exception. The defendant contended that the equity of redemption only was sold, and with no agreement to pay more than the amount of the bid to any person.

At the close of the plaintiff's evidence, the defendant's counsel moved for a nonsuit, on the ground that there was no competent evidence that the defendant agreed to pay the mortgage debt, and on the ground that the memorandum of the clerk, and the quitclaim deed of the plaintiff, were conclusive evidence of the contract and subject matter of the sale, and excluded parol proof. The court overruled the motion, and a verdict was returned for the plaintiff, which the defendant moves to set aside.

*Cutter*, and *D. Clark*, for the plaintiff.

*Bellows*, and *Ayer*, for the defendant.

SAWYER, J. If it was competent for the plaintiff to prove by parol testimony that the defendant agreed, in consideration of the quitclaim from the plaintiff to him, to pay the mortgage debt, the evidence was sufficient for that purpose. That such agreement was made between these parties is fairly to be inferred from the circumstances of the case. The defendant agreed with the purchaser at the auction, Frederick Fiske, "to buy his bid." From this nothing more or less can be understood than that he agreed to stand in the place of the purchaser, and to assume the contract made by the purchaser, as his. The plaintiff, by giving the deed to the defendant instead of the purchaser at the auction, assented to the substitution, and there is clear evidence in the circumstances of the case from which a jury might infer that there was an agreement between these parties for a release from the plaintiff to the defendant, upon the same terms as had been agreed upon between the plaintiff and the purchaser at the auction. It thus became material for the plaintiff to show what that agreement was. Independent of the direct evidence introduced to show what the understanding was at the auction sale, it is

clearly to be inferred from the circumstances that the purchaser was to pay the mortgage debt; otherwise, upon the plaintiff's being compelled to pay his notes secured by the mortgage, out of other funds than the land itself, the purchaser would hold the whole estate free from the incumbrance, for a consideration paid by him equal to the estate, over and above the incumbrance. In this view the evidence objected to by the defendant, tending to show what the understanding at the auction sale was, was competent, as tending to show what in fact the agreement was between these parties. The plaintiff's case, upon the evidence, was briefly this ; that he and Frederick Fiske, having made an agreement that the plaintiff should convey to Fiske the land subject to the mortgage, and that Fiske should pay him therefor $50, and also should pay to Keyes the mortgage debt, so as to indemnify him against that, it was subsequently agreed between the defendant and Frederick Fiske, that the defendant should take the deed instead of Frederick Fiske, and should assume the contract with the plaintiff on Frederick Fiske's part ; to which the plaintiff assented, and on his part agreed to accept the defendant as the other party to the contract instead of Frederick Fiske, and that, in fulfillment of his part of the agreement, he had executed a release of the land to the defendant. The jury were fully warranted in finding, from the circumstances of the case, that such was the character of the transaction, and consequently the objection to the parol proof introduced of the understanding at the auction sale, and the exception that there was no sufficient evidence of an agreement by the defendant to pay the mortgage debt, were properly overruled.

The further question then arises, was it competent for the plaintiff to introduce parol evidence of such agreement ? It was objected by the defendant at the time that such proof was incompetent. If the ground of the objection be that the evidence was incompetent because the agreement is within the statute of frauds, it is clear the objection cannot be sustained. The 7th section of that statute (Revised Statutes, ch. 180,) forbids that any action shall be maintained upon any contract for the

sale of lands, unless the agreement upon which such action is founded, or some memorandum thereof, is in writing, signed by the party to be charged, or by some other person thereunto lawfully authorized, by writing. The second clause of the 8th section provides that no action shall be brought to charge any person upon any special promise to answer for the debt of another, without such writing. These are the only provisions which can be supposed applicable to the case, but neither of them has any such application. This action is not brought to enforce a contract for the conveyance of lands, or to recover damages for the non-fulfillment of a contract, by which the party attempted to be charged agreed to convey lands, but to recover of the party receiving a conveyance the consideration agreed to be paid and performed for it. The contract on the part of the party agreeing to convey has been executed, and after such execution the contract is not within the 7th section, to enable him to avoid paying for the conveyance which he has received. *Moore v. Ross*, 11 N. H. 547. It is equally clear that it is not within the 8th section, upon the well settled principle that the promise to pay the debt of another, which by that section is required to be in writing, must be a promise to the creditor collateral to the original undertaking. *Eastwood* v. *Kenyon*, 11 Ad. & El. 446; *Hargraves* v. *Parsons*, 13 M. & W. 561; *Johnson* v. *Gilbert*, 4 Hill (N. Y.) 178; *Proprietors of Locks* v. *Abbott*, 14 N. H. 157.

This is an original undertaking by the defendant with the debtor to pay *his* debt, upon a consideration moving from the debtor himself, and to which the creditor — the holder of the mortgage — is not privy. It is not a promise to the creditor to pay the debt of *his* debtor.

If the ground of the objection taken at the trial is, that the agreement was reduced to writing, and that the parol evidence introduced was incompetent, as contradicting or varying the written contract, the objection, as resting upon this ground, is met by two distinct answers. In the first place, no agreement in writing appears in the case. An auctioneer is undoubtedly the

agent of both parties — the buyer and seller — for the purpose of binding them to the contract of sale by his signature; but we are not aware of any authority for holding that a memorandum, made by an auctioneer's clerk, without signature, is a contract in writing, binding upon either. If the memorandum in this case of itself is not such contract, it is no more so when taken in connection with the deed of the plaintiff. That was given in pursuance of the contract, and in fulfillment of it on his part, and in this case is no more to be considered as the contract reduced to writing, than in any other case of a deed given to convey land in execution of a previous agreement to convey.

In the next place, if the memorandum, in connection with the deed, were to be considered as written evidence of the agreement, it must be of the agreement between the plaintiff and Frederick Fiske, and not of that between these parties; and the rule which excludes parol testimony tending to contradict or vary the terms of a written contract, is applied only when the question arises between the parties to the written agreement. Third persons are not precluded from proving the truth, however contradictory to the written statements of others. 1 Greenl. Ev., sec. 279. The evidence tends to show that these parties entered into an agreement that the plaintiff should convey to the defendant in the same manner as he had agreed to convey to Frederick Fiske, and that the defendant should pay therefor in the same manner as Frederick Fiske had agreed to pay. The agreement of the defendant upon this evidence was, not to fulfill such agreement as Frederick Fiske had entered into, of which there might be evidence under the statute of frauds, but such as he had actually made, whether reduced to writing or not.

Upon any view of the case the evidence was competent, and there must be                         *Judgment upon the verdict.*